# IN THE COURT OF APPEALS OF IOWA

No. 23-0189
Filed June 21, 2023

**IN THE INTEREST OF L.F. and S.F.,**
**Minor Children,**

**L.L., Mother,**
 Appellant.
_____

Appeal from the Iowa District Court for Scott County, Korie Talkington, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Kim Aboyure, Davenport (until withdrawal), and Brian P. Donnelly of Mayer, Lonergan and Rolfes, Clinton, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Timothy J. Tupper, Davenport, attorney and guardian ad litem for minor children.

Considered by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

The juvenile court terminated a mother's parental rights to her two children, L.F. (born in 2013) and S.F. (born in 2015). The mother appeals.[1]

We conduct a de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process that involves determining if a statutory ground for termination has been established, whether termination is in the children's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).

The juvenile court terminated the mother's parental rights to both children under Iowa Code section 232.116(1)(d), (e), (f), and (i) (2022). The mother's petition on appeal does not specify which statutory grounds she challenges. Instead, her petition generically challenges the statutory grounds by arguing the children would not be subject to adjudicatory harm if returned to her custody.[2] The State concedes her argument is sufficient to challenge the statutory grounds under paragraphs (d), (i), and (f). However, it argues the mother's argument is not sufficient to challenge paragraph (e), as there is no adjudicatory-harm element under paragraph (e). *See* Iowa Code § 232.116(1)(e). We agree with the State. When the juvenile court finds multiple grounds satisfied, we may affirm on any one ground. *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App.

---

[1] The court also terminated the father's parental rights. He does not appeal.
[2] The mother also claims under a separate issue heading that the juvenile court improperly considered the geographical distance between herself and the children. Because this issue is intertwined inextricably with the statutory-grounds issue, we will not address it separately.

Oct. 15, 2014). As the mother's argument cannot be construed as a challenge to termination under section 232.116(1)(e), we find that unchallenged statutory ground sufficient to satisfy the first step in the three-step analysis. *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020) ("Because the mother does not challenge the statutory grounds under paragraph (*l*), we find the statutory grounds authorizing termination satisfied under section 232.116(1)(*l*).").[3]

We next address the mother's remaining challenges. To do that, we must determine what the challenges are. Making this determination is made more challenging because the mother's petition on appeal conflates the best-interests analysis[4] with her claim that we should forgo termination due to a parent-child bond, a permissive exception to termination.[5] *See In re A.B.*, No. 23-0235, 2023 WL 3335422, at *2 (Iowa Ct. App. May 10, 2023) ("In considering the best interests of the children, we are required to use the best-interests framework set out by our legislature. And that framework does not include the word 'bond.'" (internal citation omitted)). Despite the blending of these two issues, we choose to address them separately and begin with whether termination is in the children's best interests.

___

[3] Although we find it unnecessary to address any other grounds for termination due to the mother's failure to challenge termination under section 232.116(1)(e), our de novo review of the record persuades us that the children could not be safely returned to the mother's custody at the time of the termination hearing, so her challenges on that basis under the other subsections would not have prevailed had we considered them on the merits.

[4] When making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

[5] Section 232.116(3)(c) allows the court to forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."

Following our de novo review of the record, we conclude termination is in the children's best interests. These children suffered multiple years of "ongoing trauma" while in the mother's custody. The younger child in particular has struggled with trauma associated with the mother. She has complained that her stomach hurts when she thinks about her mother or her visits with her mother, and she has exhibited extreme behaviors following increased visits with the mother such as being physically aggressive toward the older child and vomiting due to anxiety. Yet the mother has failed to fully accept accountability for the trauma she and her past paramours have inflicted on the children. The mother has also been inconsistent with her own mental-health therapy.

In contrast, the children are currently placed with a stable, pre-adoptive foster family. That family "has allowed them to start healing from [the] trauma that they've faced and they feel that they are a part of that family and they feel that they are accepted." The foster parents provide the children with much-needed structure and routine while allowing the children to express their feelings and work through their emotions. It is clear the foster family can provide the children the type and level of care they now require. Termination is a necessary step before these children can be adopted and permanently integrated into the foster family. Accordingly, we conclude termination is in the children's best interests.

Finally, the mother asserts that we should apply an exception to preclude termination under section 232.116(3)(c) based on her bonds with the children. It is her burden to establish applicability of an exception. *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). The record convinces us there is a bond between the mother and children. Yet the mere "existence of a bond is not

enough." *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). Instead, the bond must be so significant that severing it would be manifestly detrimental to the child. *Id.* The record does not establish a bond of this magnitude with either child. As previously noted, the children experience anxiety and behavioral setbacks after visits with the mother and when contemplating visits with the mother. This evidence suggests the children suffer more harm from continued contact with the mother than they would by curtailing such contact. Based on this record, the mother has failed to meet her burden to establish that termination of her rights would be detrimental to the children such that we should apply the close-bond exception of section 232.116(3)(c).

**AFFIRMED.**